UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE BURR,<br><br>                    Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:16-cv-05356-RBL<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Burr's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her application for disability insurance benefits.

Burr suffers from left ankle trauma, cervical degenerative disc disease, lumbar degenerative disc disease, migraines, mood disorder with anxiety and depression, and elevated body mass index. *See* Dkt. 8, Administrative Record 13. She applied for disability insurance benefits in October 2012, alleging she became disabled beginning in January 2007. *See* AR 11. That application was denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before Administrative Law Judge Michael C. Blanton in November 2014. *See id.* Burr, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 31-67.

The ALJ determined Burr to be not disabled. *See* AR 11-24. The Appeals Council denied Burr's request for review, making the ALJ's decision the final decision of the Commissioner of

ORDER - 1

Social Security. *See* AR 1-6; 20 C.F.R. § 404.981. In May 2016, Burr filed a complaint seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Burr argues the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evaluating Burr's severe impairments at step two; (2) in evaluating Burr's testimony; (3) in evaluating the medical evidence in the record; and (4) in assessing Burr's residual functional capacity and finding her capable of performing other work available in the national economy.

The Commissioner argues the ALJ did not err in evaluating Burr's severe impairments, Burr's testimony, or the medical evidence, so the ALJ's RFC and step-five finding that Burr could perform other work were supported by substantial evidence and should be affirmed.

**DISCUSSION**

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test

ORDER - 2

requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

## I.     The ALJ's Evaluation of Burr's Severe Impairments

At step two of the sequential evaluation process, "the medical severity" of a claimant's impairments is considered. 20 C.F.R. § 404.1520. If the claimant has no "severe medically determinable" impairment, then she will be found not disabled. *Id*. An impairment is "not severe" if it does not "significantly limit [the claimant's] mental or physical abilities to do basic work activities." 20 C.F.R. § 404.1520(a)(4)(iii), (c); *see also* Social Security Ruling 96-3p, 1996 WL 374181 at *1. The claimant has the burden of proving that her "impairments or their symptoms affect her ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001); *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).

The step-two inquiry, however, is a *de minimis* screening device used to dispose of groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Once step two is

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

resolved in a claimant's favor, harmful error only occurs if the ALJ fails to properly analyze evidence from any impairments that shows work-related limitations beyond those assessed in the RFC. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless where it is "inconsequential to the ultimate nondisability determination"). Plaintiff has the burden of establishing that an error resulted in actual harm. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012).

      Here, the ALJ found that Burr had several severe impairments at step two and continued with the sequential evaluation process. *See* AR 13. Still, Burr argues that the ALJ erred by making a vague finding of a "right shoulder" impairment at step two and then failing to account for any limitations stemming from such an impairment in the RFC. *See* Dkt. 12, pp. 5-7. The Commissioner argues that none of the limitations that Burr alleges should have been included in the RFC were established during the relevant time period of alleged disability. *See* Dkt. 13, pp. 2-3. Burr noted several physicians opined that her reaching was limited as a result of a right shoulder contusion and impingement. *See* Dkt. 12, pp. 6-7. However, this injury and the resulting limitations occurred in 2012, after the date last insured. *See* AR 921, 933, 936, 940-41. Burr also asserts that her right shoulder impairment began with a sprain in 2009. *See* Dkt. 12, p. 6 (citing AR 445). However, Burr points to no evidence that this sprain caused any limitations before the date last insured. Therefore, Burr fails to establish any work-related limitations during the relevant period of alleged disability that were insufficiently analyzed by the ALJ. Burr has not met her burden to show harmful error in the ALJ's assessment of Burr's impairments at step two and, as required, thereafter.

ORDER - 4

**II.      The ALJ's Evaluation of Burr's Testimony**

Questions of credibility are solely within the control of the ALJ. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Burr argues that the ALJ erred in finding that her testimony was not fully credible. *See* Dkt. 12, pp. 7-10. The ALJ found Burr's testimony not to be fully credible for several reasons, including that Burr's complaints were "closely linked to her narcotic prescription abuse and her numerous requests for additional medications." *See* AR 22. A claimant's drug-seeking behavior is a clear and convincing reason to discount her testimony. *See Edlund*, 253 F.3d at 1157. The ALJ noted that Burr "reported her medications missing or stolen no less than 17 times during the period in question." AR 22; *see also, e.g.*, AR 814, 815, 823, 842, 848. The ALJ also noted that Burr "frequently made excuses for obtaining refills of her prescribed medications early," to the

ORDER - 5

point where her doctor eventually denied her requests. AR 22; *see also, e.g.*, AR 790, 795, 800, 814, 818. In January 2008, Burr was pulled over by the police, who found several pill bottles in her car, including some that Burr had told her doctor were stolen or lost. *See* AR 812-13. The ALJ thus provided a clear and convincing reason supported by substantial evidence for discounting Burr's testimony.

### III.    The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642. In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31.

### A.     Alnoor Virji, M.D., and Renato Fajardo, M.D.

Burr argues the ALJ erred by giving significant weight to the opinions of non-examining state agency medical consultant Alnoor Virji, M.D., and examining physician Renato Fajardo, M.D. *See* Dkt. 12, pp. 10-11. Burr only argues the ALJ erred by giving greater weight to the opinions of Virji and Fajardo, who never treated Burr, in favor of the opinion of treating physician David Hawkins, M.D. *See id*. However, a non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149. A state agency medical consultant may be treated as a "highly qualified" physician with expertise in evaluating "medical issues in disability claims." SSR 96-6p, 1996 WL 374180 *2. While a treating physician's opinion is generally entitled to more weight than an examining or non-examining physician's opinion, a treating physician's opinion may be discounted for specific and legitimate reasons. *See Lester*, 81 F.3d at 830-31. Here, as discussed below, the ALJ gave sufficient reasons to discount Hawkins' opinion. *See supra*, III.B.

### B.     David Hawkins, M.D.

Burr argues that the ALJ erred by giving little weight to the opinion of treating physician Hawkins. *See* Dkt. 12, p. 11.[2] The Court disagrees.

The ALJ gave little weight to Hawkins' opinion regarding Burr's physical capabilities because Hawkins "fail[ed] to take into account [Burr's] severe narcotic abuse in understanding why she was complaining of severe pain." *See* AR 22. An ALJ may reject a physician's opinion on the basis of a likelihood that the claimant exaggerated her complaints of pain in order to receive pain medication to feed an addiction. *See Edlund*, 253 F.3d at 1157. Here, Hawkins

---

[2] Burr also argues that it was "blatant error for the ALJ to simply not discuss the evaluation of the other medical evidence at all." *See* Dkt. 12, p. 11. However, Burr fails to identify what medical evidence the ALJ did not discuss or how this alleged error was harmful. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (court may decline to address issues raised without any specificity).

ORDER - 7

regularly refilled Burr's prescriptions early and gave her new prescriptions despite the abnormal amount of times Burr reported her medications stolen or missing. *See, e.g.*, AR 814, 815, 823, 842, 848. Hawkins acknowledged that this behavior was problematic. *See* AR 707 ("I am not supposed to replace lost prescriptions, but I guess I am going to need to."), 763 ("I should not be replacing lost prescriptions for narcotics, but I have done so."). Burr's pharmacy refused to fill Hawkins' prescription because her dosage was too high and there were concerns of possible liver damage. *See* AR 789. Therefore, substantial evidence supports the ALJ's reason for discounting Hawkins' opinion, and the ALJ did not err in evaluating the medical evidence.

## IV.    The RFC Assessment and Step-Five Finding

Burr argues the RFC and step-five finding are not supported by substantial evidence due to the errors alleged above. *See* Dkt. 12, pp. 12-13. However, because the Court finds that the ALJ committed no harmful error in evaluating Burr's severe impairments, Burr's testimony, or the medical evidence, the RFC and step-five finding are supported by substantial evidence and not in error. *See infra*, I, II, III.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds that the ALJ properly concluded plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 17th day of November, 2016.

Ronald B. Leighton
United States District Judge

ORDER - 8